STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**
**April 20, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **H.S., L.C., I.B., R.B., and J.B.**

**No. 20-0768** (Wood County 20-JA-3, 20-JA-4, 20-JA-5, 20-JA-6, and 20-JA-7)

## MEMORANDUM DECISION

Petitioner Mother T.C., by counsel F. John Oshoway, appeals the Circuit Court of Wood County's August 25, 2020, order terminating her parental rights to H.S., L.C., I.B., R.B., and J.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order and a supplemental appendix record. The guardian ad litem, Michael D. Farnsworth Jr., filed a response on the children's behalf in support of the circuit court's order and a supplemental appendix record. On appeal, petitioner argues that the circuit court erred in terminating her post-adjudicatory improvement period and in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2020, the DHHR filed a child abuse and neglect petition alleging that H.S. tested positive for marijuana upon her birth. The DHHR alleged that petitioner admitted to using marijuana and methamphetamine while pregnant with H.S. According to the DHHR, petitioner also noted that she was previously diagnosed with bipolar disorder but had not sought any treatment. The DHHR attempted to implement a temporary safety plan and inspected an apartment where petitioner claimed to be living. However, petitioner later admitted that she did not live in that apartment and admitted that she was homeless. Petitioner waived her preliminary hearing.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

Petitioner stipulated that her substance abuse impaired her parenting skills in February of 2020, and the circuit court adjudicated her as an abusing parent. The circuit court also granted petitioner a six-month post-adjudicatory improvement period and accepted the following agreed-upon terms for her improvement period: participate in individualized parenting and adult life skills classes; attend supervised visitation with the children; obtain suitable housing; participate in a parental psychological evaluation and follow any recommendations obtained as a result; maintain sobriety, as evidenced by random drug screenings; and participate in counseling.

In June of 2020, the circuit court held a review hearing for petitioner's post-adjudicatory improvement period. Per a DHHR report submitted to the circuit court and admitted into evidence, petitioner had failed to fully comply with the terms of her improvement period. According to the DHHR, petitioner sporadically participated in random drug screenings and tested positive for methamphetamine and marijuana occasionally. In May of 2020, petitioner's visitations were temporarily suspended due to her failure to participate in drug screenings. The DHHR agreed to reimplement visitation following two consecutive clean drug screenings, but petitioner had failed to comply with that requirement. The DHHR reported that petitioner complied with her substance abuse evaluation in April of 2020, but never attended the recommended classes following that evaluation. Further, the DHHR asserted that petitioner had not attended a single therapy session since the beginning of the improvement period and only participated in one adult life skills class. Ultimately, the circuit court terminated petitioner's post-adjudicatory improvement period. Petitioner moved for services to continue pending disposition, to which the DHHR objected. The guardian moved for random drug screenings to continue, which the circuit court ordered.

The circuit court held the final dispositional hearing in August of 2020.[2] The DHHR submitted a court summary, which the circuit court admitted, that reported that petitioner had attended only four random drug screening appointments since June of 2020 and had missed nine other appointments. The DHHR also noted that petitioner inquired as to an inpatient drug rehabilitation program, and her case worker provided her with a list of resources. However, petitioner did not enroll in any inpatient treatments. The DHHR asserted that petitioner had been provided services and tools to remedy the conditions of abuse and neglect and had failed to utilize them. Ultimately, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect or abuse in the near future and that termination of her parental rights was necessary for the welfare of the children. Accordingly, the circuit court terminated petitioner's parental rights to the children by its August 25, 2020, order.[3]

This Court has previously held:

---

[2]Petitioner did not provide the transcript of this hearing, or any other hearing, in the appendix record on appeal.

[3]The children's respective fathers' parental rights were terminated below, with the exception of the father of H.S., who is still involved in the proceedings below. According to the parties, the permanency plan for H.S. is reunification with her father with a concurrent plan of adoption in her current placement. The permanency plan for the other children is adoption in their respective placements.

2

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her post-adjudicatory improvement period because she was "unreasonably burdened" by the COVID-19 emergency. She asserts that, following the relaxation of health measures in the summer of 2020, she was in a better position to comply with an improvement period, and the circuit court should have granted her that opportunity. However, we find petitioner is entitled to no relief.

Pursuant to West Virginia Code § 49-4-610(7), "the [circuit] court shall terminate any improvement period granted pursuant to this section when the court finds that respondent has failed to fully participate in the terms of the improvement period." "[A] circuit court always has the authority to terminate an improvement period if there is evidence that the parent is not following the conditions prescribed or is failing to make improvement." *In re Brian D.*, 194 W. Va. 623, 636, 461 S.E.2d 129, 142 (1995).

At the time the circuit court terminated petitioner's improvement period in June of 2020, she had failed to participate in many of the terms of her improvement period. She failed to attend therapy, substance abuse classes, and adult life skills classes. Petitioner had also missed visitations. Further, she continued to test positive for controlled substances, including marijuana and methamphetamine. Petitioner avers that conditions caused by the COVID-19 pandemic prevented her from fully participating in the terms of her improvement period, but these assertions are simply not supported by the appendix record on appeal. As an example, petitioner asserts she experienced "scheduling difficulties primarily created by virus safety protocols." Yet, she provides no citation for this assertion, and a careful review of the record before this Court reveals no mention of these difficulties. Rather, the record provides that petitioner simply failed to attend the services. Petitioner argues that she was "[n]ot receiving needed therapy and counseling," which caused her difficulty in rectifying her substance abuse. The record is clear, however, that the DHHR offered services to petitioner, but she did not avail herself of those services. Therefore, as petitioner failed to participate in services that were required by her improvement period, we find no error in the circuit court's termination of that improvement period.

The same evidence supports the termination of petitioner's parental rights. West Virginia Code § 49-4-604(c)(6) provides that a circuit court may terminate a parent's parental rights upon

finding that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination of parental rights is necessary for the welfare of the children. Pursuant to West Virginia Code § 49-4-604(d)(3), a circuit court may determine that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when

> [t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

*Id.* As mentioned above, the circuit court found that petitioner failed to participate in the terms of her post-adjudicatory improvement period. Notably, the circuit court ordered that the DHHR provide petitioner random drug screenings after the termination of her improvement period, but she continued to not fully participate in that service and attended only four of thirteen appointments. Based on petitioner's failure to follow through with a reasonable family case plan, we find no error in the circuit court's finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future.

Finally,

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Finding no error in the circuit court's findings of fact from the record presented, we conclude that the circuit court correctly terminated petitioner's parental rights. Petitioner is entitled to no relief on appeal.

Lastly, because the proceedings regarding H.S.'s father remain ongoing, this Court reminds the circuit court of its duty to establish permanency for this child. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the child within twelve months of the date of the dispositional order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedure[] for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 6. Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under [West Virginia Code § 49-4-604(c)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home [cannot] be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W. Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W. Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 25, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**:  April 20, 2021


**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton